cc: JMS

**ORIGINAL**

JAMES KRUEGER, ESQ.      492
2065 Main Street, Suite 102
Wailuku, Maui, Hawaii  96793
    (808) 244-7444 (Telephone)
    (808) 244-4177 (Facsimile)
Email: mauswim@maulaw.net

Attorney for Plaintiffs
#17-07 JK:tds

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 0 8 2018
at 2 o'clock and 30 min. P M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY FERRETTI, ELAINE FERRETTI,<br><br>    Plaintiffs,<br><br>v.<br><br>BEACH CLUB MAUI, INC., JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, JOHN DOE PARTNERSHIPS 1-5, ROE NON-PROFIT CORPORATIONS 1-5, AND ROE GOVERNMENTAL AGENCIES 1-5,<br><br>    Defendants. | COMPLAINT FOR A CIVIL CASE<br>CASE NO. CV18 00012 JMS RLP |

COMPLAINT

1. At all times relevant herein, plaintiffs were citizens of the State of Ohio and were husband and wife.

2. At all times relevant herein, defendant BEACH CLUB MAUI INC., hereinafter CLUB, was a corporation or other legal entity duly incorporated by the law of the State of Hawaii, authorized to do, and doing business in, the County of Maui, State of Hawaii and having its principal place of business therein.

3. This Court has jurisdiction over the subject matter of this proceeding and the parties named herein.

4. The events described herein occurred within the County of Maui, State of Hawaii so that venue in this Court is proper.

5. Plaintiffs have diligently and in good faith attempted to ascertain names, identities, and possible defendants whose identities are presently unknown to plaintiffs. Such attempts include obtaining the applicable police report and contacting presently known witnesses to the occurrence. Despite the foregoing, the identities of other defendants, not citizens of the State of Ohio or a corporation governed and/or existing under the laws of Ohio, or having their principal place of business therein, whose conduct may have been a legal cause of plaintiffs' injuries and damages, remain unknown to plaintiffs.

6. Plaintiffs allege, on information and belief, that, directly or indirectly, the conduct of other

defendants, presently unknown to plaintiffs, was or may have been a legal cause of the occurrence complained of and/or the injury, damage, or loss thereby sustained by plaintiffs, as a result of which all defendants, unidentified and/or identified, may be legally, jointly and severally, liable to plaintiffs for their injuries and losses sustained, inasmuch as the conduct of each defendant may have coincided with and/or concurred with that of each and every other defendant, named or unnamed.

7. At all times relevant herein, a foreign company, believed to be named "Norwegian Cruise Lines", hereinafter "CRUISE", operated ocean going cruise ships in the waters offshore the island of Maui, State of Hawaii.

8. No identified or unidentified defendant, named or unnamed, was a citizen or resident of the State of Ohio or incorporated under the law of Ohio, or had its principal place of business thereat.

9. There is complete diversity of citizenship between plaintiffs and defendants pursuant to 28 U.S.C. Section 1332(a)(1).

10. At all times relevant herein, CRUISE carried passengers for hire, i.e., patrons, aboard its ships.

11. At all times relevant herein, one of the ships operated by CRUISE was known as the "Pride of America."

12. At all times relevant herein, plaintiffs were passenger patrons aboard the aforesaid Pride of America.

13. At any time relevant herein, CRUISE marketed, promoted, advertised, sold, provided, designed, made available, operated, arranged for and/or supervised certain excursions for its passenger patrons, from the Pride of America to, at, or near the Wailea Beach on the island of Maui, State of Hawaii, which beach was near to the adjacent ocean.

14. At any time relevant herein, CRUISE arranged for and allowed defendant CLUB, as its agent and/or independent contractor and/or otherwise, to provide an excursion known as "MAUI BEACH DAY" or "BEACH DAY OF MAUI" for its passenger patrons.

15. At all time relevant herein, defendant CLUB, for compensation and/or economic benefit, by reason of business agreement or other arrangement, or at the request of CRUISE, agreed to provide passenger patrons of CRUISE, or other members of the public, including plaintiffs, day trips or excursions, said trips to begin at the Pride of America and proceeding to a beach on the island of Maui thereafter returning to the said vessel.

16. At any time relevant herein, CRUISE and/or CLUB, or defendants and/or any of them, sold to plaintiffs a day trip or excursion such as was mentioned above, said

activity being known as the "MAUI BEACH DAY" excursion or "BEACH DAY MAUI."

17. At any time relevant herein, plaintiffs purchased from CRUISE and/or CLUB, or any other defendant, a day trip or excursion as was mentioned above which trip or excursion occurred on January 18, 2016.

18. On January 18, 2016, CLUB, sold, promoted, guided, staffed, operated, designed, supervised the aforesaid excursion activity in which it permitted plaintiffs to participate.

19. Plaintiffs relied on defendant CLUB'S, or that of any other defendant's, expertise, reputation, background, experience, and/or recommendation, actual or implied, and/or relation with CRUISE, in participating and engaging in the aforesaid excursion and entry into the ocean mentioned below.

20. On or about January 18, 2016, as a result of the foregoing, plaintiffs came under the supervision, influence, responsibility, control, guidance, and care of CLUB in the course of participating in the aforesaid excursion.

21. But for the aforesaid experience, etc., and/or CLUB'S relation with CRUISE, recommendation, and/or advice of defendants, or any of them, plaintiffs would not have engaged in the aforesaid excursion and entered the ocean fronting the beach mentioned below.

22. CLUB, on January 18, 2016, in the course of the foregoing, brought plaintiffs to a beach and its adjacent ocean, situate at Wailea, State of Hawaii.

23. At all times relevant herein, defendants, and/or any of them, knew that ocean wave conditions whereat CLUB took plaintiffs, was located at a coastline, which, for many years, there existed unreasonably dangerous wave conditions, such being a cause of neck and/or paralyzing spinal injury to persons recreating in or otherwise using the ocean thereat.

24. Appendix B – Excursion General Operation Requirements, p. 22, para. 13, to the "Norwegian Cruise Line Tour Operator Procedures and Policies", contained the following language: "Operator will provide sufficient signage advising Passengers of anything dangerous on a Tour."

25. At all times relevant herein, CLUB, including defendants, and/or any of them, prior to January 18, 2016, knowing of the foregoing aquatic hazard condition, negligently exposed plaintiffs thereto.

26. At no time prior to January 18, 2016, did CLUB, or any other defendant, warn any plaintiff about unreasonably dangerous ocean waves existing at Wailea Beach, to which CLUB exposed plaintiffs, so that, plaintiffs, or either of them, were unaware of said aquatic hazard, such failure of defendants, or any of them, to warn constituting unreasonably dangerous negligent conduct.

27. On January 18, 2016, while in the ocean fronting the beach whereat CLUB took plaintiffs, ANTHONY FERRETTI was struck by a wave, which hurled him headfirst into the ocean floor, thereby rendering him quadriplegic.

28. At no time on or before January 18, 2016, was any warning provided by anyone or entity to any plaintiffs that the injury suffered by ANTHONY FERRETTI could be caused by such aforesaid ocean wave condition.

29. At no time before ANTHONY FERRETTI was injured as aforesaid, did any plaintiff know of the unreasonably dangerous ocean wave condition to which CLUB exposed them or that such could cause an ocean user to be injured and rendered a paraplegic.

30. On January 18, 2016, no conduct engaged in by any plaintiff was a negligent cause of injury or damages suffered by plaintiffs and/or either of them.

31. The conduct of CLUB and/or defendants, and/or any of them, mentioned above, was negligent and a cause of the harm and damages suffered by plaintiffs described herein.

32. At all times relevant herein, neither CLUB or defendants, and/or any of them, were fit nor competent to provide a safe beach excursion to passengers.

33. As a legal result of the foregoing, on January 18, 2016, and thereafter, ANTHONY FERRETTI suffered serious and permanent physical and mental distress, physical injury caused by the aforesaid dangerous aquatic

conditions, etc., including quadriplegia, as well as medical, rehabilitative, and related expense resulting from care rendered for the injuries suffered by him, pain, limitation of activity, reduction of enjoyment of life's activities and marital consortium, impairment of earning capacity and/or loss of wage, and other related damages, as shall be proven at time of trial.

34. As a further legal result of the foregoing, ELAINE FERRETTI has sustained serious grief, as well as severe and permanent mental distress at seeing ANTHONY FERRETTI suffer permanent mental distress, diminution of the consortium, guidance, aloha, services, companionship, marital relation, which she had enjoyed with ANTHONY FERRETTI before January 18, 2016, and other related damages, as shall be proven at time of trial.

35. The amount of damages suffered, and continuing to be suffered by each plaintiff, exclusive of interest and costs, exceeds $75,000.00, and is sufficient to vest this Court with jurisdiction, pursuant to 28 U.S.C. Section 1332(a).

WHEREFORE, upon a hearing hereof, plaintiffs pray that judgment be entered in their favor and against defendants, and/or any of them, jointly and severally, for such damages as to which they shall be entitled pursuant to proof adduced at trial, together with costs of suit, attorney's fees, prejudgment interest, post-judgment interest, and such other and further relief as to which

plaintiffs shall be entitled pursuant to Rule 54 of the Federal Rules of Civil Procedure.

DATED: Wailuku, Maui, Hawaii, _____ JAN - 5 2018.

/s/ James Krueger
JAMES KRUEGER, ESQ.
Attorney for Plaintiffs