IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY FERRETTI and ELAINE FERRETTI,<br><br>              Plaintiffs,<br><br>   vs.<br><br>BEACH CLUB MAUI, INC.,<br><br>              Defendant. | Civ. No. 18-00012 JMS-RLP<br><br>ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT, ECF NO. 8; AND (2) GRANTING PLAINTIFFS' REQUEST TO AMEND COMPLAINT, ECF NO. 23 |

## ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT, ECF NO. 8; AND (2) GRANTING PLAINTIFFS' REQUEST TO AMEND COMPLAINT, ECF NO. 23

### I. INTRODUCTION

Plaintiffs Anthony Ferretti ("Mr. Ferretti") and his wife, Elaine Ferretti ("Mrs. Ferretti") (collectively "Plaintiffs"), filed this action against Defendant Beach Club Maui, Inc. ("BCM" or Defendant"),[1] asserting claims arising from an incident on January 18, 2016, during which Mr. Ferretti was severely injured in the ocean fronting Wailea beach on Maui. ECF No. 1. Defendant moves to dismiss the Complaint, arguing that Mr. Ferretti's claims and Mrs. Ferretti's derivative claims are barred by the "two-dismissal rule" set forth in

---

[1] Although the Complaint also names numerous Doe Defendants, *see* ECF No. 1, no Doe Defendant has been identified or has appeared.

Hawaii Rule of Civil Procedure ("HRCP") 41(a)(1). Plaintiffs seek leave to amend the Complaint with respect to any non-derivative claim asserted by Mrs. Ferretti. ECF No. 23.

For the reasons set forth below, the court finds that the two-dismissal rule applies to Mr. Ferretti's claims and Mrs. Ferretti's derivative claims and that those claims are therefore barred by the doctrine of claim preclusion. But the two-dismissal rule does not apply to any non-derivative claim asserted by Mrs. Ferretti. Thus, the court GRANTS Defendant's Motion to Dismiss the Complaint with prejudice as to Mr. Ferretti's claims and Mrs. Ferretti's derivative claims, and without prejudice to Mrs. Ferretti's non-derivative claim. The court further GRANTS Mrs. Ferretti leave to amend her non-derivative claim.

## II. BACKGROUND

On January 18, 2016, Plaintiffs, who were passengers on a cruise ship operated by Norwegian Cruise Lines ("NCL"), bought and participated in a beach excursion operated by BCM. Compl. ¶¶ 7, 11-12, 14-18. Mr. Ferretti alleges that he was seriously injured during the course of this excursion. In 2017, Mr. Ferretti filed an action against NCL, BCM, and other entities asserting claims arising from the January 18, 2016 incident. *See Ferretti v. NCL (Bahamas) Ltd., et al.*, Civ. No. 17-20202 (GAYLES) (S.D. Fla. 2017) (the "Florida action"), ECF No. 8-4. On

2

May 2, 2017, Mr. Ferretti voluntarily dismissed his claims against BCM in that action. *See* ECF No. 8-5.

On January 4, 2018, Mr. and Mrs. Ferretti filed an action in the State of Hawaii Circuit Court for the Second Circuit (Maui) asserting claims against BCM arising out of the same January 18, 2016 incident. *See Ferretti v. Beach Club Maui, Inc.*, Civ. No. 18-1-0005 (the "state-court action"), ECF No. 8-6. Four days later, on January 8, 2018, Plaintiffs voluntarily withdrew their complaint in the state court action, *see* ECF No. 8-7, having filed their Complaint in this court approximately one hour earlier, *see* ECF No. 1.

On March 23, 2018, Defendant filed the instant Motion to Dismiss ("Motion") contending that Plaintiffs' claims are barred by the "two-dismissal rule." ECF No. 8. Plaintiffs filed Responses on April 6 and 10, 2018. ECF Nos. 14, 15. On May 22, 2018, Defendant filed a Reply. ECF No. 22.

On May 25, 2018, Plaintiffs filed a Request for Modification of Complaint ("Request") seeking to amend allegations in support of Mrs. Ferretti's non-derivative claim. ECF No. 23. That same day, the court granted Defendant leave to file a Response to the Request. ECF No. 24. On June 1, 2018, Defendant filed its Response. ECF No. 28. And on June 5, 2018, Plaintiffs filed a Reply to Defendant's Response. ECF No. 31.

Meanwhile, on May 30, 2018, Plaintiffs filed a "Legal Analysis of Dual Dismissal Concept," which was amended on May 31, 2018. ECF Nos. 25, 26. On May 31, 2018, the court directed Defendant to file a supplemental brief. ECF No. 27. Defendant filed its Supplemental Memorandum on June 6, 2018, ECF No. 32, and on June 8, 2018, Plaintiffs filed a Reply to Defendant's Supplemental Memorandum, ECF No. 33. The Motion and Request were heard on June 13, 2018. And on June 14, 2018, Plaintiffs and Defendant submitted additional case citations. *See* ECF Nos. 40, 41.

### III. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

When reviewing a Rule 12(b)(6) motion to dismiss, the court may consider the affirmative defenses of claim and issue preclusion. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (affirming Rule 12(b)(6) dismissal where claims were barred by claim preclusion); *see also Seldin v. Seldin*, 879 F.3d

4

269, 272 (8th Cir. 2018) (determining that a Rule 12(b)(6) motion is an appropriate vehicle for dismissal based on preclusion).

The court's review is "limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which [it] may take judicial notice." *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012). Here, the court takes judicial notice of both the Florida and Hawaii state court dockets.[2]

## IV. **DISCUSSION**

At issue is whether Hawaii's two-dismissal rule set forth in HRCP 41(a)(1)(B) bars Mr. Ferretti's claims and Mrs. Ferretti's derivative claims against BCM. The parties agree that the two-dismissal rule does not apply to bar Mrs. Ferretti's non-derivative claim against BCM.

///

///

---

[2] The court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)); *see also Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record.") (citation and quotation marks omitted). Consideration of "matters of judicial notice" does not require that a motion to dismiss be converted to a motion for summary judgment. *See Sluka v. Rushmore Loan Mgmt. Servs., LLC*, 2016 WL 6275387, at *1 n.1 (D. Haw. Oct. 26, 2016) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

**A.      Legal Standards**

   *1.      The Two-Dismissal Rule*

Under both federal and State of Hawaii procedural rules, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the defendant has answered or moved for summary judgment. *See* Haw. R. Civ. P. 41(a)(1); Fed. R. Civ. P. 41(a)(1)(A). Unless it states otherwise, the dismissal is presumed to be without prejudice, with one exception:

> [A] notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, . . . an action based on or including the same claim.

Haw. R. Civ. P. 41(a)(1)(B).[3] This exception is known as the "two-dismissal rule." *See Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) (interpreting analogous federal rule); *see also DeShaw v. Bank of Am., N.A.*, 2015 WL 5598321, at *5 (D. Haw. Sept. 22, 2015) (same).

Because the second dismissal in this matter occurred in state court, the court must determine whether Hawaii's two-dismissal rule applies. *See Manning v. S. Carolina Dep't of Highway & Pub. Transp.*, 914 F.2d 44, 47 n.5 (4th Cir. 1990) ("When the second dismissal occurs in state court . . . the two dismissal rule applies only if the state has enacted its own version of the two dismissal rule and

---
[3] The federal rule is substantially the same. *See* Fed. R. Civ. P. 41(a)(1)(B).

6

would therefore treat the second dismissal as a dismissal with prejudice." (citing 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2368 (3d ed.)). The Hawaii Supreme Court has recognized that the HRCP 41(a) provisions regarding voluntary dismissals are nearly identical to the provisions in the federal counterpart. *See Kaihewalu v. Dep't of Bus.*, 2017 WL 2829817, at *2 (Haw. Ct. App. June 29, 2017) (citing *Tagupa v. VIPDesk*, 135 Haw. 468, 476, 353 P.3d 1010, 1018 (2015). Therefore, cases interpreting FRCP 41(a)(1) are highly persuasive. *See Tagupa*, 135 Haw. at 476, 353 P.3d at 1018; *see also Kawamata Farms, Inc. v. United Agri Prods.*, 86 Haw. 214, 251-52, 948 P.2d 1055, 1092-93 (1997) ("Where we have patterned a rule of procedure after an equivalent rule within the FRCP, interpretations of the rule by the federal courts are deemed to be highly persuasive in the reasoning of this court." (citation and quotation marks omitted)).

### 2. *Claim Preclusion*

Application of the two-dismissal rule acts to bar a third action under the doctrine of res judicata, also known as claim preclusion.[4] *See Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991); *see also Manning*, 914 F.2d at 47 ("Because a notice of a second dismissal

---

[4] In Hawaii, the modern term "claim preclusion" is preferred over "res judicata." *See Bremer v. Weeks*, 104 Haw. 43, 53 n.14, 85 P.3d 150, 160 n.14 (2004).

by the plaintiff serves as an adjudication upon the merits, the doctrine of *res judicata* applies." (citation and quotation marks omitted)). Claim preclusion bars parties and their privies from relitigating previously adjudicated claims. *Holcombe*, 477 F.3d at 1097 (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *Bremer*, 104 Haw. at 53, 85 P.3d at 160. The preclusive effect of a Hawaii state-court adjudication on the merits is determined by Hawaii law. *See Pedrina v. Chun*, 97 F.3d 1296, 1301 (9th Cir. 1996) ("In determining whether a prior state court action bars a subsequent federal action, the federal court must look to the *res judicata* principles of the state court in which the judgment was rendered.").

To establish claim preclusion under Hawaii law, Defendant has "the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." *Bremer*, 104 Haw. at 54, 85 P.3d at 161. And "[i]n Hawaii, the doctrine [of claim preclusion] is applied in a robust way." *Albano v. Nw. Fin. Haw., Inc.*, 244 F.3d 1061, 1063 (9th Cir. 2001).

**B.** **Application of Legal Standards to the Complaint**

Plaintiffs contend that the two-dismissal rule does not apply for two reasons. First, Plaintiffs argue that because the Hawaii state action had not yet

8

been dismissed when this action was filed, there was only one prior dismissal (of Mr. Ferretti's claims against BCM in the Florida action). *See* ECF No. 25 at 3-4. Second, Plaintiffs argue that because the purpose of the two-dismissal rule is to prevent abuse and harassment, there is no reason for the court to apply the rule here, where there is no evidence of abuse or harassment. *See* ECF No. 33 at 3-4. Neither argument is persuasive.

### 1. *The Two-Dismissal Rule Applies to Bar Pending Actions*

The Fifth Circuit has explicitly rejected Plaintiffs' argument that the two-dismissal rule does not apply to a third action filed before an earlier suit is voluntarily dismissed. *See Cabot Golf CL-PP1, LLC v. Nixon Peabody, LLP*, 575 F. App'x 216, 218 (2014). In *Cabot*, the plaintiff filed three nearly identical lawsuits in three different courts in April 2012. *Id.* at 217. In November 2012, the plaintiff voluntarily dismissed two of the three actions. *Id.* The plaintiff argued that the two-dismissal rule should not apply to lawsuits that were already pending when the earlier suits were dismissed. *Id.* at 218. The court disagreed:

> [T]he plain language of Rule 41(a)(1)(B) shows that the argument is untenable: under the two-dismissal rule, "a notice of dismissal in the second case operates as an adjudication on the merits." In other words, though the dismissal was voluntary, it acts as a final judgment *on the merits* under Rule 41.

9

*Id.* (internal brackets omitted) (quoting Fed. R. Civ. P. 41(a)(1)(B)); *see also Axon Enter. Inc. v. Vievu LLC*, 2018 WL 317289, at *2 n.3 (D. Ariz. Jan. 5, 2018) (applying *Cabot* and rejecting similar argument).

Similarly, in *Manning*, the Fourth Circuit affirmed the district court's application of the state's two-dismissal rule where the second dismissal was filed after the third action was already pending. 914 F.2d at 47. The facts of *Manning* follow the same pattern as the instant case. In *Manning*, the plaintiff filed and then dismissed a federal action. *Id.* at 46-47. Thereafter, the plaintiff filed a similar suit in state court, a third similar action in federal court, and then voluntarily dismissed the state-court action. *Id.* at 47. The Fourth Circuit determined that under the two-dismissal rule, "notice of the second dismissal by the plaintiff serves as an adjudication upon the merits," and therefore "the doctrine of *res judicata* applies." *Id.* (citations and quotation marks omitted).

This court finds *Cabot's* reasoning and *Manning's* application of the two-dismissal rule under the same facts presented here to be persuasive. Thus, the court finds that HRCP 41(a)(1)(B) applies when a third action is filed before the second action is voluntarily dismissed.

Plaintiffs' attempt to distinguish *Cabot* is not persuasive — they rely on an incorrect understanding of *Cabot's* facts. And their reliance on cases where

10

the two-dismissal rule did not apply is equally unavailing because those cases rejected application of the federal two-dismissal rule. *See Cooper v. Glasser*, 419 S.W.3d 924, 930 & 930 n.7 (Tenn. 2013) (interpreting state law that is not comparable to the federal two-dismissal rule); *see also Rader v. Baltimore & O. R. Co.*, 108 F.2d 980, 986 (7th Cir. 1940) (determining that the federal two-dismissal rule cannot be applied where the second case was dismissal from a state court).

### 2. *The Court Lacks Discretion to Reject Application of the Two-Dismissal Rule*

The purpose of the two-dismissal rule is to "prevent delays and harassment caused by plaintiffs securing numerous dismissals without prejudice." 9 C. Wright & A. Miller § 2368. Plaintiffs argue that because the state-court action was dismissed before Defendant was served, there simply was not enough time for Defendant to have been harassed or prejudiced by that dismissal. Thus, Plaintiff urges the court in its discretion to decline to apply the two-dismissal rule.

Although the court recognizes that application of the two-dismissal rule is harsh, it lacks discretion to decline application of the rule. By its plain language, Hawaii's two-dismissal rule applies simply upon a plaintiff's second notice of dismissal. *See* Haw. R. Civ. P. 41(a)(1)(B) ("[A] notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, . . . an action based on

11

or including the same claim."). When a plaintiff unilaterally dismisses prior lawsuits, the two-dismissal rule neither "require[s] an inquiry into the circumstances of the two dismissals" nor "consider[s] the plaintiff's reasons for seeking a voluntary dismissal." *Lake at Las Vegas Inv'rs Grp.*, 933 F.2d at 727.[5] Thus, the rule "does not provide the Court with any discretion to avoid the impact of the two-dismissal rule based on the Plaintiff's understanding or motivation in dismissing the second action." *Thomas v. Wells Fargo Bank, N.A.*, 2013 WL 5313458, at *3 (N.D. Cal. Sept. 23, 2013); *see also Cabot Golf*, 575 F. App'x at 218-19 ("Unfortunately, although the rule may be harsh under these circumstances, the language is clear, and we must apply it as written."); *cf. Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987) (explaining that the plain language of Rule 41(a)(1) must be strictly construed and therefore, it does not apply when the second dismissal is "by stipulation . . . an involuntary dismissal . . . [or] by court order under Rule 41(a)(2)").

Plaintiffs' reliance on authority supporting the court's use of discretion to avoid the harsh consequence of the two-dismissal rule is misplaced as

---

[5] The court recognizes that the Second Circuit has declined to apply the two-dismissal rule where the first dismissal was obtained by stipulation of all parties. *See Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976). But the Ninth Circuit has cautioned that "[t]his holding, when followed, has been limited to its facts and does not preclude application of the bar where the voluntary dismissal is unilateral." *Lake at Las Vegas Inv'rs Grp.*, 933 F.2d at 727. Because Plaintiffs concede that neither prior dismissal was obtained by stipulation, *Poloron* is inapplicable.

those cases do not involve *voluntary* dismissal by notice pursuant to Rule 41(a)(1). *See, e.g.*, *Lalau v. City & Cty. of Honolulu*, 938 F. Supp. 2d 1000, 1009 (D. Haw. 2017) (declining to order involuntary dismissal under Rule 41(b) for failure to prosecute); *Hillis v. United States*, 744 F.2d 1430, 1433 (10th Cir. 1984) (reversing district court's dismissal of action as a sanction for not following court orders); *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) (reviewing court-ordered dismissal pursuant to Rule 41(a)(2)); *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967) (same); *Davis v Operation Amigo, Inc.*, 378 F.2d 101, 103-04 (10th Cir. 1967) (considering involuntary dismissal under Rule 41(b)).

Based on the foregoing, the court finds that Hawaii's two-dismissal rule applies, and Plaintiffs' voluntary dismissal of the state-court action was an adjudication on the merits.

### 3. *Claim Preclusion*

Two of the three elements of claim preclusion under Hawaii law are not in dispute — that the parties are the same or in privity with the parties in the dismissed actions, and that the claims in all actions are the same and/or arise from the same incident. *See Bremer*, 104 Haw. at 54, 85 P.3d at 161. And because the two-dismissal rule applies, the third element — that there was a final judgment on the merits — is met. *See id.* Thus, the court finds that under the doctrine of claim

preclusion, Mr. Ferretti's claims and Mrs. Ferretti's derivative claims against BCM are barred. These claims are DISMISSED with prejudice.

### 4. *Leave to Amend*

To the extent Mrs. Ferretti has asserted a non-derivative claim, the parties do not dispute that it is not subject to the two-dismissal rule, and is therefore not barred. Plaintiffs seek leave to amend the Complaint to add allegations in support of Mrs. Ferretti's non-derivative claim and to correct "an obvious omission which was clearly unintended." Pls.' Request at 4.

Federal Rule of Civil Procedure 15(a)(2) authorizes an amended pleading "with . . . the court's leave," which should be "freely give[n] . . . when justice so requires." Because this case is still fairly young, discovery is ongoing, and Mrs. Ferretti's non-derivative claim does not appear to be frivolous, the court finds that the interests of justice would be served by granting Mrs. Ferretti leave to amend. Thus, the court GRANTS Plaintiffs Request for leave to allow Mrs. Ferretti to file an amended complaint by July 13, 2018.

## V. CONCLUSION

Based on the foregoing, the court finds that the two-dismissal rule applies to Mr. Ferretti's claims and Mrs. Ferretti's derivative claims, and that those claims are therefore barred by the doctrine of claim preclusion. Thus, the court

GRANTS Defendant's Motion to Dismiss Complaint with prejudice as to Mr. Ferretti's claims and Mrs. Ferretti's derivative claims, and without prejudice to Mrs. Ferretti's non-derivative claim.  The court further GRANTS Mrs. Ferretti leave to file an amended complaint to assert allegations in support of her non-derivative claim(s).  The amended complaint must be filed by July 13, 2018.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, June 21, 2018.



       /s/ J. Michael Seabright
       J. Michael Seabright
       Chief United States District Judge

*Ferretti v. Beach Club Maui, Inc.*, Civ. No. 18-00012 JMS-RLP;  Order (1) Granting Defendant's Motion To Dismiss Complaint, ECF No. 8; and (2) Granting Plaintiffs' Request to Amend Complaint, ECF No. 23