IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY FERRETTI and ELAINE FERRETTI,<br><br>            Plaintiffs,<br><br>   vs.<br><br>BEACH CLUB MAUI, INC.,<br><br>            Defendant. | Civ. No. 18-00012 JMS-RLP<br><br>ORDER DENYING PLAINTIFFS' RULE 60(b) MOTION FOR RECONSIDERATION, ECF NO. 43 |

## ORDER DENYING PLAINTIFFS' RULE 60(b) MOTION FOR RECONSIDERATION, ECF NO. 43

## I. INTRODUCTION

On June 27, 2018, Plaintiffs Anthony Ferretti ("Mr. Ferretti") and his wife, Elaine Ferretti ("Mrs. Ferretti") (collectively "Plaintiffs") filed the instant Motion to vacate this court's June 21, 2018 Order granting (1) Defendant Beach Club Maui, Inc.'s ("BCM" or "Defendant") Motion to Dismiss Plaintiffs' Complaint, and granting (2) Plaintiffs' Request to Amend Complaint (the "June 21 Order") (ECF No. 42). ECF No. 43. Plaintiffs contend that the court's ruling that Hawaii Rule of Civil Procedure ("HRCP") 41(a)(1)(B)'s two-dismissal rule applies to Mr. Ferretti's claims and Mrs. Ferretti's derivative claims, and therefore, that those claims are barred by the doctrine of claim preclusion is erroneous. For the

reasons set forth below, the court disagrees. Plaintiffs' Motion for Reconsideration is DENIED.

## II. <u>BACKGROUND</u>

On January 18, 2016, Plaintiffs, who were passengers on a cruise ship operated by Norwegian Cruise Lines ("NCL"), bought and participated in a beach excursion operated by BCM. Compl. ¶¶ 7, 11-12, 14-18. Mr. Ferretti alleges that he was seriously injured during the course of this excursion. In 2017, Mr. Ferretti filed an action in the United States District Court for the Southern District of Florida against NCL, BCM, and other entities asserting claims arising from the January 18, 2016 incident. *See Ferretti v. NCL (Bahamas) Ltd., et al.*, Civ. No. 17-20202 (GAYLES) (S.D. Fla. 2017) (the "Florida action"), ECF No. 8-4. On May 2, 2017, Mr. Ferretti voluntarily dismissed his claims against BCM in that action. *See* ECF No. 8-5. The Florida action remains pending against NCL.

On January 4, 2018, Mr. and Mrs. Ferretti filed an action in the State of Hawaii Circuit Court for the Second Circuit (Maui) asserting claims against BCM arising out of the same January 18, 2016 incident. *See Ferretti v. Beach Club Maui, Inc.*, Civ. No. 18-1-0005 (the "state court action"), ECF No. 8-6. Four days later, on January 8, 2018, Plaintiffs voluntarily withdrew their complaint in the state court action. *See* ECF No. 8-7. And on January 8, 2018, Plaintiffs filed

2

the instant action against BCM again asserting claims arising out of the same January 18, 2016 incident. ECF No. 1.

The June 21 Order determined that Hawaii's "two-dismissal rule applies to Mr. Ferretti's claims and Mrs. Ferretti's derivative claims, and that those claims are therefore barred by the doctrine of claim preclusion." June 21 Order at 14; *Ferretti v. Beach Club Maui, Inc.*, 2018 WL 3078742, at *6 (D. Haw. June 21, 2018). On June 27, 2018, Plaintiffs filed the instant Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). ECF No. 43. BCM filed an Opposition on July 11, 2018, and Plaintiffs filed a Reply on July 24, 2018. ECF Nos. 52, 55.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

### III. <u>STANDARDS OF REVIEW</u>

Rule 60(b) provides for reconsideration of a final judgment, order, or proceeding where the movant has shown: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Reconsideration pursuant to Rule

60 is generally appropriate upon a showing of one of three grounds: (1) the availability of new evidence; (2) an intervening change in controlling law; and (3) the need to correct clear error or prevent manifest injustice. *Id.* at 1263; *Sierra Club, Haw. Chapter v. City & Cty. of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("The Ninth Circuit has recognized that Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence.") (citing *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982)).

Local Rule 60.1 authorizes reconsideration of interlocutory orders upon a showing of one of the same grounds: "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact." "A 'manifest error' is '[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Noetzel v. Haw. Med. Serv. Assoc.*, 2016 WL 4033099, at *2 (July 27, 2016) (quoting *Black's Law Dictionary*, 660 (10th ed. 2014)).

A successful motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Gordon v. Sequeira*, 2018 WL 1020113 (D. Haw. Feb. 22, 2018); *White v.*

*Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *White*, 424 F. Supp. 2d at 1274 (quoting *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

## IV. <u>DISCUSSION</u>

Plaintiffs argue that the court erred in applying the two-dismissal rule for two reasons: (1) the "same claim" requirement was not met because there were different plaintiffs and defendants in the Florida and state court actions, and (2) the voluntary dismissals "did not dispose of the entirety of plaintiffs' claim." Mot. at 7-8. Plaintiffs further contend that the June 21 Order's determination that the court lacks discretion to allow Mr. Ferretti's claims to proceed is erroneous, arguing pursuant to Rule 60(b) that this court "has the power to vacate . . . a second voluntary dismissal" in the interests of justice. *Id.* at 9-10.

Plaintiffs previously argued that the claims are not the same because Mrs. Ferretti's claims were not pled in the Florida action. *See* ECF No. 14 at 4-5;

ECF No. 15 at 4-5. Plaintiffs reassert that argument along with the additional argument that the claims are not the same because all the parties to the prior actions were not completely the same. Plaintiffs also argued previously that applying the two-dismissal rule would be contrary to the interests of justice and that the court in its discretion could allow Plaintiffs' claims to proceed. *See* ECF No. 25 at 5-6; ECF No. 33 at 3-4. Plaintiffs now assert a new basis for this same argument — that this court may "use Rule 60(b) as a sword to remove any barriers precluding [Mr.] Ferretti from proceeding with his claims for deserved damages[.]" Mot. at 11. Plaintiffs did or could have raised all of these arguments before. Nevertheless, to the extent Plaintiffs argue that the court committed manifest error, the court addresses Plaintiffs' arguments, after first restating the two-dismissal rule.

## A.    The Two-Dismissal Rule

Under both federal and State of Hawaii procedural rules, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the defendant has answered or moved for summary judgment. *See* Haw. R. Civ. P. 41(a)(1); Fed. R. Civ. P. 41(a)(1)(A). Unless it states otherwise, the dismissal is presumed to be without prejudice, with one exception:

> [A] notice of dismissal operates as an adjudication upon
> the merits when filed by a plaintiff who has once

> dismissed in any court of the United States, or of any
> state, . . . an action based on or including the same claim.

Haw. R. Civ. P. 41(a)(1)(B).[1]  This exception is known as the "two-dismissal rule."

*See Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir.

1999) (interpreting analogous federal rule); *see also DeShaw v. Bank of Am., N.A.*,

2015 WL 5598321, at *5 (D. Haw. Sept. 22, 2015) (same).

### 1.    *Same Claim*

While it is true that all of the parties to the Florida and state court

actions were not the same, Mr. Ferretti and BCM were parties to both actions.  And

in both actions, Mr. Ferretti asserted claims against BCM arising out of the January

18, 2016 incident.  Plaintiffs do not provide any authority supporting their

argument that under these circumstances the two-dismissal rule's "same claim"

requirement is not met.

Plaintiffs' reliance on *Fernandez v. Estate of Gatti*, 2011 WL 2077817

(S.D. Fla. 2011) is misplaced.  In *Fernandez*, the defendant named in the second

dismissed case was neither a named defendant nor in privity with a named

---

[1] Because the second dismissal occurred in the state court action, Hawaii's two-dismissal rule is implicated.  *See* June 21 Order at 6.  The federal rule is substantially the same.  *See* Fed. R. Civ. P. 41(a)(1)(B).

defendant in the first case. That is not the case here — BCM was a named defendant in both the Florida and state court actions.

Further, even though Mrs. Ferretti was not a plaintiff in the Florida action, to the extent her claims (such as loss of consortium) are derivative of Mr. Ferretti's claims, both Mr. and Mrs. Ferretti are the same real party in interest or in privity. *See, e.g.*, *In re Camacho*, 489 B.R. 837, 839, 841 (E.D. Cal. 2013) (affirming dismissal by bankruptcy court pursuant to the two-dismissal rule where the plaintiff's spouse, acting on behalf of the marital community, had filed and dismissed two prior lawsuits asserting same claim); *Kelso v. Big Lots Stores, Inc.*, 2009 WL 3200654, at *2 (M.D. Fla. Sept. 30, 2009) ("[T]he spouse with the loss of consortium claim has an interest in the litigation . . . in privity.") (citation omitted); *Towse v. State*, 64 Haw. 624, 636, 647 P.2d 696, 705 (1982) ("[W]here the initial claim of injury cannot be maintained the derivative action of loss of consortium must also fail.").

The two-dismissal rule applies where a plaintiff is a real party in interest or in privity with a party who voluntarily dismissed two prior actions. *See Poloron Prods. Inc. v. Lybrand Ross Bros. & Montgomery*, 66 F.R.D. 610, 614 (S.D.N.Y. 1975) ("[T]he two dismissal rule should not be defeated by a change in the nominal parties, without a change in the real party in interest."), *rev'd on other*

*grounds*, 534 F.2d 1012 (2d Cir. 1975); *Captiva RX, LLC v. Daniels*, 2014 WL

5428295, at *3 (M.D. Ga. Oct. 23, 2014) (discussing cases applying the two-

dismissal rule when the parties are nominally different, but are the same real party

in interest or in privity); *Melamed v. Blue Cross of Cal.*, 2012 WL 122828, at *6

(C.D. Cal. Jan. 13, 2013) ("As the three actions arose from the same common

nucleus of operative facts and involve the same parties in interest, each of

Plaintiff's state-law causes of action . . . are barred by application of Rule 41(a)'s

'two dismissal rule.'" (footnote omitted)), *aff'd*, 557 F. App'x 659 (9th Cir. 2014).

Thus, the court's ruling that the claims asserted by Mr. Ferretti and the

derivative claims asserted by Mrs. Ferretti were the same for purposes of the two-

dismissal rule is not manifestly erroneous.

### 2.     *Entirety of Plaintiffs' Claim*

Plaintiffs next argue that the two-dismissal rule does not apply if a

prior dismissal did not dispose of the entirety of their claim.  But Mr. Ferretti's

claims against BCM *were* dismissed in their entirety in both the Florida and state

court actions.  To the extent Plaintiffs' argue that the two-dismissal rule does not

apply because Mr. Ferretti did not dismiss his claim against NCL in the Florida

action, or because Mrs. Ferretti's non-derivative claim remains in this action,

such argument fails.

Under Rule 41(a)(1), a plaintiff may dismiss fewer than all of the defendants. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant."); *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102 (8th Cir. 1999); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The plaintiff may dismiss some or all of the defendants . . . through a Rule 41(a)(1) notice."); *Plains Growers, Inc. by Florists' Mut. Ins. Co. v. Ickles-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973); *Neifeld v. Steinberg*, 438 F.2d 423 (3d Cir. 1971).

And upon filing, a notice of voluntary dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995). That is, once filed, the plaintiff's entire claim is dismissed against the defendants who are subject to the notice of dismissal. Thus, the two-dismissal rule applies as to those defendants, even if the plaintiff's claim against other defendants in the prior actions remained. *See, e.g.*, *Perrine v. United States*, 2016 WL 9488701, at *2 (S.D. Cal. Mar. 14, 2016) (applying the two-dismissal rule where the plaintiffs dismissed one, but not all, defendants from the first case).

Plaintiffs rely on *Taylor v. Brown*, 787 F.3d 851 (7th Cir. 2015) to argue that because Mr. Ferretti's claim against NCL remains in the Florida action,

Rule 41(a) does not govern the dismissal of his claim against BCM. *Id.* at 857-58 (holding that Federal Rule of Civil Procedure Rule 41(a) is not the proper vehicle to dismiss one of two defendants from a case). But the Florida action was dismissed in the Eleventh Circuit, and that circuit — unlike the Seventh Circuit — permits voluntarily dismissal of fewer than all defendants under Rule 41(a)(1). *See Klay*, 376 F.3d at 1106. In other words, BCM *was* properly dismissed in the Florida action under Rule 41(a)(1). Plaintiffs also rely on *Smith, Kline & French Labs. v. A.H. Robins Co.*, 61 F.R.D. 24, 31 (E.D. Pa. 1973) (holding that Rule 15(a), not Rule 41(a)(1), is the proper rule under which a plaintiff may dismiss fewer than all claims against any particular defendant). But *Robins* is inapplicable. It involved a plaintiff's attempt to dismiss a single claim against multiple defendants, not all claims against any particular defendant. Moreover, although specifically declining to "consider the . . . applicability of Rule 41(a) [where] . . . a plaintiff seeks to drop all claims against one or more defendants, while preserving the pending action against other defendants," *Robins* suggested that because "the action as to the dropped defendants is truly dismissed," applying Rule 41(a) to such a dismissal would be consistent with the language and policy of the rule. *Id.* at 30-31 (emphasis omitted).

In sum, Plaintiffs have failed to establish that the court's application of the two-dismissal rule is manifestly erroneous.

## B.    Rule 60(b)

Plaintiffs next argue that the court erred by finding that it lacked discretion to allow Mr. Ferretti's and Mrs. Ferretti's derivative claims to proceed. They assert a two-part argument: (1) that because the second notice of dismissal did not state that such dismissal was "with prejudice," it is deemed without prejudice, Mot. at 8; and (2) that absent prejudice and in the interests of justice, this court may, under Rule 60(b), "vacate . . . a second voluntary dismissal," which "would reinstate the state case and disallow it from serving as one of the two cases supporting the dual dismissal rule," *id.* at 9-10.

Plaintiffs' arguments are without merit. First, by definition, Rule 41(a)(1)'s presumption — that unless specified, a voluntary dismissal is without prejudice — does not apply to Plaintiffs' second notice of dismissal. The second notice triggered application of the two-dismissal rule, which is the *exception* to the presumption that such a dismissal is without prejudice. *See Commercial Space Mgmt. Co.*, 193 F.3d at 1076; HRCP 41(a)(1) ("Unless otherwise stated in the notice of dismissal . . . , the dismissal is without prejudice, *except that* a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who

has once dismissed in any court of the United States, or of any state . . . an action based on or including the same claim.") (emphasis added).

And Plaintiffs' cited cases do not involve application of the two-dismissal rule. *See McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930 (11th Cir. 1987) (involving only one voluntary dismissal); *Cornell v. Chase Brass*, 48 F. Supp. 979 (S.D.N.Y. 1943), *aff'd*, 142 F.2d 157 (2d Cir. 1944) (stating that stipulated dismissals do not trigger the two-dismissal rule); *Hargis v. Foster*, 282 F.3d 1154 (9th Cir. 2002) (reviewing court-ordered dismissal pursuant to Rule 41(a)(2)), *amended and superseded by* 312 F.3d 404 (9th Cir. 2002). Thus, Plaintiffs failed to demonstrate that the June 21 Order's determination that Plaintiffs' voluntary dismissal of the state court action is with prejudice pursuant to the two-dismissal rule is manifestly erroneous.

Second, Plaintiffs provide absolutely no authority supporting their argument that pursuant to Rule 60(b), *this* court could issue a ruling vacating a notice of dismissal entered in the *state court* action — a case over which this court lacks jurisdiction. The cases Plaintiffs cite simply do not apply to the circumstances presented here. *Cf. Yesh Music v. Lakewood Church*, 727 F.3d 356, 363-64 (5th Cir. 2013) (affirming district court's ruling granting Rule 60(b) motion in case over which district court retained jurisdiction to vacate voluntary dismissal

that was entered pursuant to agreement of the parties); *Randall v. Merrill Lynch*, 820 F.2d 1317 (D.D.C. 1987) (affirming granting of Rule 60(b) motion vacating second Rule 41(a)(1) notice of voluntary dismissal by district court in case in which the second notice was filed); *White v. Nat'l Football League*, 756 F.3d 585, 596 (8th Cir. 2014) (reversing district court determination that a Rule 41(a)(1)(A)(ii) stipulated dismissal is not a final judgment for purposes of Rule 60(b) motion); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (recognizing that a federal court's jurisdiction over an action ends when the parties file a Rule 41(a) stipulation to dismiss "except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Fed. R. Civ. P. 60(b)").

Finally, Plaintiffs may also be arguing that the June 21 Order's determination that the court lacks discretion to relieve Plaintiffs from the impact of the two-dismissal rule is erroneous because Rule 60(b) provides such discretion. Because Plaintiff failed to raise this argument in opposition to BCM's Motion to Dismiss, they are not entitled to reconsideration. *See Haw. Stevedores, Inc.*, 363 F. Supp. 2d at 1269. But even if they had raised the issue, it is without merit. During the hearing on BCM's Motion to Dismiss, Plaintiffs' counsel admitted that he was unaware of the two-dismissal rule when he filed the notice of dismissal in the state

court action. The Ninth Circuit has held that "Rule 60(b) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1099 (9th Cir. 2006); *see also Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) ("[A]ttorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6)").

*Perrine v. United States*, 2016 WL 9488701 (S.D. Cal. Mar. 14, 2016), denied a Rule 60(b) motion under strikingly similar circumstances — the plaintiffs sought relief pursuant to Rule 60(b)(1) and (6) from the prejudicial impact of a second notice of dismissal, counsel asserted that he was unaware of the two-dismissal rule when filing the second dismissal, and the Rule 60(b) motion was filed in a new case. *Perrine* reasoned that in accordance with Ninth Circuit authority, "[t]o allow relief from the two dismissal rule under Rule 60(b) would effectively render the rule meaningless because any plaintiff seeking to avoid the implications of the rule presumably did not intend for their second voluntary dismissal to be on the merits." *Id.* at *2. This court agrees with the reasoning set forth in *Perrine* and finds that given the circumstances of this case, relief pursuant to Rule 60(b)(1) and (6) is not available under Ninth Circuit law.

In sum, Plaintiffs have failed to demonstrate that the court's determination that it lacks discretion to relieve Plaintiffs from the impact of the two-dismissal rule is manifestly erroneous.

## V. **CONCLUSION**

Based on the foregoing, the court DENIES Plaintiffs' Rule 60(b) Motion for Reconsideration, ECF No. 43.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 2, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Ferretti v. Beach Club Maui, Inc.*, Civ. No. 18-00012 JMS-RLP; Order Denying Plaintiffs' Rule 60(b) Motion for Reconsideration, ECF No. 43